UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY L. BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-1127-TWP-DML |
| | ) |
| LT. B. JOHNSON, C.O. B. MOSS, | ) |
| C.O. PRITTCARD, L.T. HOWARD, | ) |
| and C.O. M. DIEODORFF, | ) |
| | ) |
| Defendants. | ) |

## ENTRY SEVERING MISJOINED CLAIMS

**I.**

This matter is before the Court on Plaintiff Stacy L. Butler's ("Mr. Butler") Motion to Dismiss or in the alternative for Summary Judgment (Dkt. 49). Mr. Butler, a federal inmate, brings this action pursuant to the theory recognized in *Bivens v. v. Six Unknown Named Agents*, 403 U.S. 38 (1971).

It has become apparent to the Court that Mr. Butler has brought unrelated claims in a single lawsuit. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Mr. Butler's complaint violates the misjoinder of claims limitation of Rule 20(a) of the Federal Rules of Civil Procedure. The violation here consists of the diversity of claims against the multitude of defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give

rise to the plaintiff's claims against defendants do not stem from the same transaction."). Specifically, defendants C.O. B. Moss, Lt. B. Johnson and C.O. Pritchard have been improperly joined. First, Mr. Butler alleges that defendants Lt. Howard and C.O. Dierdorf used excessive force against him and subsequently subjected him to an unconstitutional meal regimen. With respect to Defendants C.O. B. Moss, Lt. B. Johnson, and C.O. Pritchard, Mr. Butler alleges that these defendants used excessive force against him and interfered with or denied him necessary medical treatment.

In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the complaint.

Consistent with the foregoing, the claims against Lt. B. Johnson, C.O. B. Moss, and C.O. Pritchard are **severed from the original complaint.**

## II.

To effectuate the ruling in Part I. of this Entry, a new civil action shall be opened, consistent with the following:

- a. Mr. Butler shall be the plaintiff in the newly opened action.
- b. The Nature of Suit in the newly opened action shall be 555.
- c. The Cause of Action of the newly opened action shall be 28:1331b.
- d. The complaint in this action shall be filed and re-docketed as the complaint in the newly opened action. Mr. Butler's request to proceed *in forma pauperis* shall likewise be filed and re-docketed in the newly opened action.

    e.    A copy of this Entry shall be docketed in the newly opened action.

    f.    This action and the newly-opened action shall be shown as linked actions.

    g.    The defendants in the newly opened action shall be Lt. B. Johnson, C.O. B. Moss, and C.O. Pritchard.

    h.    The following docket items from this action shall be re-docketed in the newly opened action insofar as they pertain to either the plaintiff or to defendants Lt. B. Johnson, C.O. B. Moss, and C.O. Pritchard: the Motion to Dismiss and/or Motion for Summary Judgment and supporting materials (Dkt 49, 50, and 51); the Response to Plaintiff's Motion for Summary Judgment (Dkt 53); and the reply in support of the motion for summary judgment (Dkt 56).

## III.

Claims in the newly-opened action are distinct from those in this action.

Consistent with the determination and rulings made in Part II of this Entry, all claims against Lt. B. Johnson, C.O. B. Moss, and C.O. Pritchard are **DISMISSED without prejudice**. Defendants, Lt. B. Johnson, C.O. B. Moss, and C.O. Pritchard, are **terminated** as parties in this action.

The action, Case No. 1:10-cv-1127-TWP-DML, shall proceed as to Lt. Howard and C.O. Dierdorf. In due course, the Court will issue a ruling on the Motion to Dismiss and/or Motion for Summary Judgment and supporting materials (Dkts 49, 50, and 51); the Response to Plaintiff's Motion for Summary Judgment (Dkt 53); and the reply in support of the motion for summary judgment (Dkt 56) with respect to the claims against Lt. Howard and C.O. Dierdorf.

    **SO ORDERED.**

Date: 03/18/2013 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


DISTRIBUTION:

Stacy L. Butler, #05373-017
Lewisburg – USP
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, Pennsylvania  17837


Gerald A. Coraz
OFFICE OF THE UNITED STATES ATTORNEY
gerald.coraz@usdoj.gov