UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY L. BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-1127-TWP-DML |
| ) | |
| L.T. HOWARD, and ) | |
| C.O. M. DIEODRDORFF, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISCUSSING MOTION TO DISMISS OR IN
THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants Captain Lawrence Howard ("Captain Howard") and Commanding Officer M. Dierdorf's ("C.O. Dierdorf") (collectively, the "Defendants") Motion to Dismiss or in the alternative Summary Judgment (DKt. 49). Plaintiff Stacey Butler ("Mr. Butler"), a federal inmate, filed this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 38 (1971). Mr. Butler alleges that while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana the Defendants violated his constitutional rights in various ways. Misjoined claims have recently been severed, leaving Captain Howard and C.O. Dierdorf as the two remaining defendants in this case.[1]

Defendants argue that (1) Mr. Butler's claims are barred by the statute of limitations and (2) Mr. Butler's claims should be dismissed because he failed to exhaust his available administrative remedies prior to filing this action. In turn, Defendants C.O. Dierdorf and Captain Howard argue that the claims against them must be dismissed because they are barred by the statute of limitations.

---

[1] The Defendants state that the correct spelling of Correctional Officer Dierdorf's name is Dierdorf. In addition, Captain Lawrence Howard is the correct title and name of Defendant Howard.

## I.  THE MOTION TO DISMISS

When reviewing a motion to dismiss, a court considers to be true all well-pleaded allegations, as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). The purpose of a motion to dismiss is not to determine whether a plaintiff will ultimately succeed, but whether the complaint sufficiently asserts facts, which when accepted as true, state a valid and plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776–77 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). If a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006); *Tamayo,* 526 F.3d at 1086. A court may also dismiss claims, to which affirmative defenses apply, if the defenses are so plain from the face of the complaint such that the claim can be regarded as frivolous. *Turley v. Gaetz,* 625 F.3d 1005, 1013 (7th Cir. 2010) (citing *Walker v. Thompson,* 288 F.3d 1005, 1009–10 (7th Cir. 2002)).

Defendants move to dismiss, arguing that based on the allegations of the complaint Mr. Butler filed his claims against them outside the statute of limitations. The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). In Indiana, that statute of limitations is two years. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985). Mr. Butler, therefore, had two years from the time of the actions he complains of to file suit. This two-year period, however, may have tolled while Mr. Butler attempted to exhaust his available administrative remedies. *See Johnson v. Rivera,* 272

F.3d 519, 521 (7th Cir. 2001) (noting that when federal courts borrow state statutes of limitations in Section 1983 actions, they must borrow the state's tolling provisions as well). Here, Mr. Butler asserts that Captain Howard and C.O.. Dierdorf violated his constitutional rights on June 25, 2008 and July 10, 2008 through July 26, 2008. Based on the two-year statute of limitations, Defendants argue that Mr. Butler had through July 26, 2010 by which to file a complaint against them. Because his complaint was filed after this date, these Defendants argue that Mr. Butler's claims must be dismissed as filed outside the statute of limitations. But Indiana's doctrine of equitable tolling might assist Mr. Butler in avoiding the statute of limitations. The doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Smith v. Wilson*, 2009 WL 3444662 (N.D.Ind. Oct. 22, 2009) (quoting *Heck v. Humphrey,* 997 F.2d 355, 357 (7th Cir. 1993)). For example, if prison officials took more than two years to complete the grievance proceedings, then Mr. Butler could not have been reasonably expected to file his complaint within two years, and the doctrine of equitable tolling should preclude the dismissal of his complaint as untimely. The relevant dates cannot usually be established solely on the basis of the pleadings. *Wilson-El v. Majors*, 2012 WL 5929983 (S.D.Ind. Nov. 27, 2012). That is the case here. Accordingly, the Motion to Dismiss (Dkt. 49) is **DENIED**.

## II. THE MOTION FOR SUMMARY JUDGMENT
## BASED ON NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants next move for summary judgment on Mr. Butler's claims based on his alleged failure to exhaust the administrative remedies that were available to him.

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*

If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to judgment as a matter of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison,* 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex,* 477 U.S. at 322–26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson,* 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *see also Carrroll v. Merrill Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the non-moving party based upon the record. *See Anderson,* 477 U.S. at 252; *Insolia v. Phillip Morris Inc.,* 216 F.3d 596 (7th Cir. 2000). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278

F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See* Fed.R.Civ.P. 56(c)(1)(A), (B) (both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

B.   **The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.

5

2002)). Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

**C.    Undisputed Facts Regarding Mr. Butler's Exhaustion Attempts**

Mr. Butler alleges that Captain Howard and C.O. Dierdorf used excessive force against him on June 25, 2008, and then subjected him to an unconstitutional meal regimen.

With respect to the June 25, 2008, allegation of the use of excessive force followed by a claim that a punitive meal regimen was imposed; Bureau of Prison ("BOP") records reflect that Mr. Butler complained of this incident when he filed remedy number 502785. Remedy number 502785 was received at the institution level on July 30, 2008, and was denied on September 2, 2008. Mr. Butler appealed this denial to the Regional Director on September 22, 2008, but the Regional Director denied Mr. Butler's appeal on October 17, 2008. Then, on November 13, 2008, Mr. Butler submitted an appeal to the General Counsel that was rejected twelve days later, on November 25, 2008, as being improper in form. The November 25, 2008 rejection of Mr. Butler's appeal included instructions directing Mr. Butler to re-file his appeal in proper form and provided him fifteen days to do so.

In response to the motion for summary judgment, Mr. Butler asserts that remedy numbers 517179 and 502785 addressed "the same issues" and that 502785, which is in relation to 517179, was answered for in remedy number 517179. He also says that he never received a response to

6

his appeal of number 502785 made to the General Counsel and therefore could not move forward. Mr. Butler provides a copy of BP-9 form filed at the time stating as much. The Defendants did not reply to Mr. Butler's response to the motion for summary judgment.

Consequently, there is a genuine issue of material fact regarding whether Mr. Butler received a response to his appeal to the General Counsel. The Defendants assert that the response was sent, but Mr. Butler states that he never received a response. For this reason, a genuine issue of material fact exists regarding whether the General Counsel responded to Mr. Butler as required by the grievance policy. Therefore, Defendants' Motion for Summary Judgment (Dkt. 49)-] is **DENIED**.

### III. RULE 56(F) NOTICE REGARDING PROPOSED SUMMARY JUDGMENT REGARDING DEFENSE OF NON-EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants argue that Mr. Butler failed to exhaust his available administrative remedies by failing to re-file his appeal regarding administrative remedy number 502785 with the General Counsel as instructed. Mr. Butler responds, and provides evidence, that he did not receive a response from the General Counsel and he was therefore prevented from exhausting his administrative remedies. Exhaustion of administrative remedies is, of course, mandatory under the PLRA. *Jones,* 549 U.S. at 212. However, prison officials may render exhaustion impossible by failing to respond or deliver responses to administrative remedy requests. *See Dole*, 438 F.3d at 809.

There is no evidence regarding Mr. Butler's options upon non-receipt of a response from an appeal to the General Counsel. At this point, therefore, Mr. Butler's attempts to exhaust available administrative remedies may have been thwarted. If this is the case, Mr. Butler would be entitled to summary judgment on the affirmative defense that he failed to exhaust available administrative remedies.

The court has a duty to facilitate the just, speedy and inexpensive determination of this action. *See* Fed.R.Civ.P. 1. Rule 56(f) of the Federal Rules of Civil Procedure provides a mechanism for the court to enter summary judgment on grounds not asserted by a party. Rule 56(f) states:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

The Court now gives notice that it intends to grant summary judgment for Mr. Butler, the non-movant, pursuant to Rule 56(f). The record reflects that, although the General Counsel sent a response to Mr. Butler regarding administrative remedy request number 502785, he did not receive it and he filed a further administrative remedy request stating as much. There is no evidence or argument regarding Mr. Butler's options upon the non-receipt of the General Counsel's response. Prison officials cannot prevent Mr. Butler from pursuing his administrative remedies and then prevent Mr. Butler from filing suit.

The parties shall have **through April 11, 2013**, by which to file any response to the Court's proposal to grant summary judgment in favor of non-movant Mr. Butler on the Defendants' affirmative defense of exhaustion. In the alternative, Defendants may withdraw their affirmative defense.

## IV. CONCLUSION

The motion to dismiss based on the statute of limitations (Dkt. 49) is **DENIED**. The motion for summary judgment based on Mr. Butler's asserted failure to exhaust available administrative remedies (Dkt. 49) is **DENIED**. The parties are **notified** of the Court's intention to grant summary judgment to the plaintiff on the affirmative defense that Mr. Butler failed to exhaust his available administrative remedies.

**SO ORDERED.**

Date: 03/21/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stacy L. Butler, #05373-017
Lewisburg – USP
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, Pennsylvania 17837

Gerald A. Coraz
OFFICE OF THE UNITED STATES ATTORNEY
gerald.coraz@usdoj.gov