UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY L. BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-01127-TWP-DML |
| ) | |
| LT. HOWARD, and C.O. M. DIEODORFF, ) | |
| ) | |
| Defendants. ) | |

**ENTRY REGARDING MOTION FOR RECONSIDERATION SUMMARY JUDGMENT AND PENDING MOTIONS**

In this action, plaintiff Stacy L. Butler ("Mr. Butler") alleges that defendants Lt. Howard and C.O. M. Dieodorff (collectively, "Defendants") used excessive force against him on June 25, 2008, and subsequently subjected him to an unconstitutional meal regimen between July 10 and July 26, 2008. The matter is before the Court on several motions, including Defendants' Motion for Reconsideration of Entry Dated March 21, 2013 (Dkt. 75), Plaintiff's Motions to Address the Court (Dkts. 77, 84, 85 and 93) and Plaintiff's Motion in Opposition to Motion to Stay (Dkt. 95). Defendants' Motion for Reconsideration is based in part on whether the Complaint was timely filed. Because this is a dispositive issue in this case, and in the interest of judicial economy, the Court will address this issue first.

**I. BACKGROUND**

The Defendants previously argued that the Complaint should be dismissed because it was filed outside the applicable statute of limitations. The motion to dismiss was denied in the Entry of March 21, 2013 (Dkt. 74). That Entry reflects that complaints need not anticipate or meet

1

potential affirmative defenses and that the statute of limitations is an affirmative defense which is not always suited to dismissal under Rule 12 of the Federal Rules of Civil Procedure.

It is true that a court may dismiss claims to which affirmative defenses apply if the defenses are so plain from the face of the complaint such that the claim can be regarded as frivolous. *Turley v. Gaetz,* 625 F.3d 1005, 1013 (7th Cir. 2010) (citing *Walker v. Thompson,* 288 F.3d 1005, 1009–10 (7th Cir. 2002)). In this case, however, additional information outside of the pleadings is necessary to determine the issue. *See Richards v. Mitcheff*, 696 F.3d 635, 637-638 (7th Cir. 2012). The Entry of March 21, 2013, did not find that Mr. Butler's Complaint was timely filed, only that dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was not appropriate. There was no error in denying the motion to dismiss and in this respect the Motion for Reconsideration is **DENIED**

## II.  DISCUSSION

The Court will now determine whether the claims against Defendants are barred by the statute of limitations by considering materials outside the pleadings. Pursuant to Rule 56(f), the parties are now notified that the Court, *sua sponte*, will consider granting summary judgment to the Defendants on their affirmative defense that the Complaint was filed outside the applicable statute of limitations.

The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). In Indiana, that statute of limitations is two years. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985).[1] Moreover, federal courts borrow the

---

[1] In *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001), the Seventh Circuit held that a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process. This specific holding based on Illinois law is not applicable to this case which must apply Indiana law.

forum state's tolling rules and any equitable tolling doctrines. See *Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001).

The parties are notified that the following material facts do not appear to be genuinely in dispute:

1. Mr. Butler alleges that Lt. Howard and C.O.M. Dierdorf violated his constitutional rights on June 25, 2008 and July 10, 2008 through July 26, 2008.

2. Based on the two-year statute of limitations, Mr. Butler had through July 26, 2010 by which to file a complaint against them.

3. The Complaint was filed on September 7, 2010.

4. There was no legitimate reason for Mr. Butler's delay in filing his Complaint.

5. The Bureau of Prison records reflect that approximately 168 days would have elapsed (less than six months) while Mr. Butler completed his available administrative remedies. Thus, Mr. Butler had approximately 18 months between the time the administrative remedy process was or should have been completed and the expiration of the statute of limitation period.

Mr. Butler shall have **through Friday, November 22, 2013,** in which to file a response, if any. The Defendants shall have fourteen (14) days from the date Mr. Butler's response is filed to submit a reply.

### III.   CONCLUSION

Defendants Motion for Reconsideration (Dkt. 75) is **DENIED**. Mr. Butler's first, second and third Motions to Address the Court (Dkts. 77, 84 and 85) are **GRANTED** to the extent that the statements made in the "motions" are now a part of the record. No further relief (if sought) is warranted. Any future motions filed by Mr. Butler should conform to Rule 7(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7-1. Rule 7(b)(1) states in relevant part: "A request for a court order must be made by motion. The motion must (A) be in writing . . . (b) state with particularity the grounds seeking the order; and (C) state the relief sought." In the Seventh

Circuit, "particularity" has been interpreted to mean "reasonable specification." *Talano v. Northwestern Med.Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). Local Rule 7-1 provides that "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title."

Mr. Butler's fourth Motion to Address the Court (Dkt. 93) seeks copies. This request is **GRANTED** to the extent that the **clerk is directed** to include a copy of the docket sheet along with Mr. Butler's copy of this Entry.

Mr. Butler's Motion in Opposition to Motion to Stay (Dkt. 95) is **DENIED as moot**. The stay was appropriate and has now been lifted.

**SO ORDERED.**

Date: 10/23/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stacy L. Butler, #05373-017
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, Pennsylvania   17837

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**