UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY L. BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-01127-TWP-DML |
| | ) |
| LT. L. HOWARD, and C.O. M. DIERDORF, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISCUSSING STATUTE OF LIMITATIONS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Stacy L. Butler ("Mr. Butler"), an Indiana prisoner, alleges that defendants Lt. L. Howard and C.O. M. Dierdorf (collectively "Defendants") used excessive force against him on June 25, 2008, and subsequently subjected him to an unconstitutional meal regimen between July 10 and July 26, 2008. For the reasons explained below, the Complaint filed on September 7, 2010, is barred by the statute of limitations and this action is now subject to dismissal.

**I.   PROCEDURAL BACKGROUND**

On September 7, 2010, Mr. Butler filed a Complaint against defendants Lt. Howard and C.O. Dierdorf for civil rights violations which occurred on June 25, 2008 and July 10 through July 26, 2008. The Complaint additionally contained unrelated claims involving Lt. B. Johnson, C.O. B. Moss, and C.O. R. Pritchard for excessive force and interference or denial of medical treatment which occurred on October 23, 2008. Pursuant to Fed. R. Civ. P. 21, this Court severed the misjoined claims and they are now pending in Case No. 1-13-cv-455-SEB-DKL (*see* Dkt. 72).

Accordingly, the ruling herein applies only to those claims pending against Lt. Howard and C.O. Dierdorf.

## II. DISCUSSION

The Court's Entry Regarding Motion for Reconsideration of Summary Judgment and Pending Motions, dated October 23, 2013 (Dkt. 97), notified the parties that pursuant to Rule 56(f) the Court would, *sua sponte*, consider granting summary judgment to the Defendants on their affirmative defense that the Complaint was filed outside the applicable statute of limitations. The Court explained:

> The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). In Indiana, that statute of limitations is two years. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985). Moreover, federal courts borrow the forum state's tolling rules and any equitable tolling doctrines. See *Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001).[1]
>
> The parties are notified that the following material facts do not appear to be genuinely in dispute:
>
> 1. Butler alleges that Lt. Howard and C.O. M. Dierdorf violated his constitutional rights on June 25, 2008 and July 10, 2008 through July 26, 2008.
>
> 2. Based on the two-year statute of limitations, Mr. Butler had through July 26, 2010 by which to file a complaint against them.

---

[1] In *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001) the Seventh Circuit held that a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process. This specific holding based on Illinois law is not applicable to this case which must apply Indiana law.

2

  3. The Complaint was filed on September 7, 2010.

  4. There was no legitimate reason for Mr. Butler's delay in filing his Complaint.

  5. The Bureau of Prisons records reflect that approximately 168 days would have elapsed (less than six months) while Mr. Butler completed his available administrative remedies. Thus, Mr. Butler had approximately 18 months between the time the administrative remedy process was or should have been completed and the expiration of the statute of limitation period.

Mr. Butler was given a period of time in which to file any response. He responded. See Dkts. 98 and 99. Mr. Butler's response, however, does not challenge the facts set forth above but instead argues that the claims against Lt. Johnson, C.O. Moss and C.O. Pritchard should not have been severed from this claim (they are now proceeding in case number 1:13-cv-455-SEB-DKL). Mr. Butler is mistaken; the claims against Lt. Johnson, C.O. Moss and C.O. Pritchard were properly severed from the separate and distinct claim alleged against Defendants, Lt. Howard and C.O. M. Dierdorf. See Dkt. 73.

### III. CONCLUSION

Mr. Butler has not been prejudiced by the severance of certain claims. The fact remains that his claim Defendants used excessive force against him on June 25, 2008, and subsequently subjected him to an unconstitutional meal regimen between July 10 and July 26, 2008, is barred by the statute of limitations. Mr. Butler has not presented any basis upon which the Court could conclude otherwise. Accordingly, Defendants are entitled to summary judgment on their affirmative defense that the claims against them are barred by the statute of limitations. Judgment dismissing this action with prejudice shall now issue.

**SO ORDERED.**

Date: 12/19/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Stacy L. Butler, #05373-017
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, Pennsylvania 17837

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov